Richard F. KASTAN, et al., Respondents,

v.

LAWLESS HOMES, INC., Appellant.

No. ED 83825.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 24, 2005.

Application for Transfer Denied
Nov. 1, 2005.

Joseph Vincent Keady Jr., Clayton, for appellant.

Steven E. Spoeneman, St Louis, for respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., BOOKER T. SHAW, J.

### *ORDER*

PER CURIAM.

Lawless Homes, Inc. ("Lawless") appeals from the trial court's judgment after a jury trial in favor of Richard F. Kastan and Vickie L. Briner ("Homeowners") on

their claims for fraudulent misrepresentation, breach of contract and punitive damages. Lawless argues the trial court erred in: (1) granting Homeowners' request for a jury trial because their petition requested equitable relief; (2) denying Lawless's motion for judgment notwithstanding the verdict and submitting the claim of misrepresentation and request for punitive damages to the jury because they failed to prove the elements of fraud, they waived their claims and did not prove their claim for punitive damages by clear and convincing evidence; (3) denying Lawless's motion for remittitur because the award of punitive damages did not comport with the necessary guideposts satisfying due process; (4) admitting certain testimony at trial because it went beyond the allegations in the pleadings, lacked foundation and was more prejudicial than probative; and (5) denying Lawless's motion for mistrial and/or new trial for all the above reasons and the award of punitive damages was excessive.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. No error of law appears. No precedential or jurisprudential purposes would be served by an opinion restating the detailed facts and the principles of law. The parties have been furnished with a memorandum for their purposes only explaining the reasons for this order affirming the judgment pursuant to Rule 84.16(b).